**Jewell GANN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

Rodes K. Myers, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Earle V. Powell, Asst. Atty. Gen., Frank Goad, Scottsville, for appellee.

**STEWART, Chief Justice.**

The sole question on this appeal is whether appellant, Jewell Gann, was duly and regularly convicted of storehouse breaking, a crime denounced by KRS 433.190.

Appellant and one Russell W. Bergerson were jointly indicted as principals at the January, 1954, term of the Warren Circuit Court, each charged with the above offense. On January 8, 1954, Bergerson pleaded not guilty to the charge of storehouse breaking but entered a plea of guilty to a charge of trespass, a common-law offense and a lesser degree of the crime of storehouse breaking, whereupon the Commonwealth's attorney moved that the charge be reduced to conform to Bergerson's plea of guilty and the court so ordered. Bergerson waived a trial by jury and was sentenced to serve 12 months in jail. See KRS 431.075.

Bergerson's co-defendant, Gann, appellant herein, obtained a continuance to the April, 1954, term of court. When the case was called for trial, he entered a plea of guilty. A jury was empaneled and both the Commonwealth's attorney and appellant introduced evidence. At the close of all the testimony, the court instructed the jury as follows:

"The defendant, Jewell Gann, having entered a plea of guilty, the jury will find him guilty as charged in the indictment and fix his punishment at confinement in the penitentiary at one year to five years in the discretion of the jury."

The jury returned a verdict for the maximum punishment.

The question raised is: Where two persons are charged in an indictment with the joint commission of a felony as principals, may the Commonwealth's attorney cause the offense to be amended to a misdemeanor as to one defendant and accept his plea of guilty thereon at one term of court, and thereafter hold the other defendant accountable on the felony charge returned against him under the indictment, with the result that at a subsequent term this defendant receives a more severe penalty on a plea of guilty?

Counsel for appellant strives by highly technical argument to convince us that because the lower court's order amending the charge against Bergerson to trespass was captioned "Commonwealth v. Gann and Bergerson," this change carried over to appellant and had the effect of reducing the offense against him. However, the body of the order stated in no uncertain terms that the indictment as amended to trespass related only to Bergerson. Appellant was then not even before the court, he having moved for and obtained a continuance. We believe it is conclusive that the amendment to the indictment was not applicable to appellant.

The bill of exceptions shows that appellant entered a plea of guilty to the charge of storehouse breaking, which plea he never withdrew before the entry of a judgment against him. The instructions, which were in writing, told the jury to fix his punishment pursuant to the storehouse

breaking statute. After the Commonwealth's attorney had then refused to make a recommendation to modify the offense to one of a lesser degree, as he had done with reference to Bergerson, appellant indicated for the first time his dissatisfaction with the trend the trial was taking. At this juncture he registered an objection to the instructions. Nevertheless, he raised no other complaint thereafter and the trial continued to judgment in due course. We believe that merely because he did not fare so well at the hands of the jury as he anticipated, he cannot now claim a miscarriage of justice.

Wherefore, the judgment is affirmed.